73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cynthia Butler HORTON, Petitioner-Appellant,
v.
Neville MASSIE and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 95-7101.
(D.C.No. CV-94-415-S)
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Cynthia Horton is currently serving a term of life imprisonment. She was convicted in Oklahoma state court of murder and kidnapping. After pursuing relief in the state courts, she filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. The district court, adopting the recommendation of the magistrate judge, dismissed her petition for failure to exhaust her remedies in state court. The dismissal was without prejudice. Ms. Horton now appeals this dismissal.
 
 
 3
 In her petition, Ms. Horton asserted six grounds for relief. The district court found that one of these grounds, the denial of compulsory process to obtain witnesses, had never been raised in state court. Thus, the district court dismissed her petition.
 
 
 4
 The Supreme Court in Rose v. Lundy, 455 U.S. 509 (1982), held that a district court must dismiss a petition for writ of habeas corpus where the petition contains both exhausted and non-exhausted claims. Id. at 510. Our review of the record indicates that Ms. Horton indeed did not raise her compulsory process claim in any of her state court proceedings. Thus, the district court properly dismissed Ms. Horton's petition. Ms. Horton may, however, resubmit her petition, asserting only those grounds for relief which she has exhausted. Id.
 
 
 5
 We AFFIRM. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3